

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00023-CR

Murjan Issack **ABDI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR8191B
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: February 6, 2019

DISMISSED

The trial court's certification in this appeal states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; Rule 25.2(a)(2) applies. *See* TEX. R. APP. P. 25.2(a)(2).

This court must dismiss this appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." *Id.* R. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

On January 16, 2019, we notified Appellant that this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing that Appellant has the right of appeal is made part of the appellate record by February 5, 2019. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.).

On January 25, 2019, Patrick Ballantyne, Appellant's court-appointed appellate counsel, filed an *Anders* brief stating that he had reviewed the record, and he conceded that this court has no choice but to dismiss this appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978). Appellate counsel also filed a motion to withdraw.

Considering Rule 25.2(d)'s requirements, the record, and Appellant's response, we dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613. Counsel's motion to withdraw is granted. *See* TEX. R. APP. P. 25.2 cmt. ("If a sufficient . . . certification is not filed after the appellate court deals with the [trial court certification] defect, . . . representation by an appointed attorney may cease.").

PER CURIAM

DO NOT PUBLISH